In the Matter of the Application of CHARLES E. GATES, Petitioner, for an Order Directed against R. FORD HUGHES and ROBERT HAIRSTON, Constituting the Board of Elections of the County of Suffolk, Respondents.

In the Matter of the Application of CARLL S. BURR, JR., Petitioner, for an Order Directed against R. FORD HUGHES and ROBERT HAIRSTON, Constituting the Board of Elections of the County of Suffolk, Respondents.

Supreme Court, Suffolk County, September 8, 1939.

*Jacob Visel*, for the petitioners.

*Frederick Bickman*, for the board of elections of the county of Suffolk.

*Richard C. Cotter*, for certain designated candidates, respondents.

WENZEL, J. These are motions to stay the board of elections of Suffolk county from certifying certain candidates for the office of county committeeman in the approaching primary election.

The petition has reference only to the newly created twenty-eighth election district in the town of Huntington, which district was created by resolution of the board of elections dated June 26, 1939, which resolution provides that " the newly created election districts namely * * * District number 28 of the Town of Huntington * * * be and they shall become effective immediately."

This provision as to the effective date of the resolution is in derogation of section 64 of the Election Law, which provides that such changes shall become effective on the first day of October following " except that when required by the creation or alteration of a political subdivision in which candidates are to be voted for at the fall primaries * * * it shall take effect immediately."

Under the law the choice is not left to the board of elections. It becomes effective at prescribed times without their action.

The argument of counsel for the board of elections that an election district is a " political subdivision " within the purview of section 64 is not tenable; though an election district is ordinarily a " political subdivision " it could not have been intended to have been included in the exceptions mentioned in this section, for so to include it would render the October first provision nugatory, since section 13 of the Election Law provides that the county committeemen be elected annually in the fall primary except every four years when they shall be elected in the spring primary. The intention of the Legislature seems clear; were it otherwise it would have provided that the changes should become effective at once and made the exception October first in the presidential years.

The motion is granted in each instance.